UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CURTIS RONALD RABENBERG,<br><br>       Plaintiff,<br><br>  vs.<br><br>LINCOLN COUNTY, in its individual and official capacity, SHERIFF STEVE SWENSON, in his individual capacity, and DEPUTY SHERIFF DAVE KNUTSON, in his individual capacity,<br><br>       Defendants. | 4:21-CV-04062-KES<br><br>1915A SCREENING ORDER FOR DISMISSAL |

  Plaintiff, Curtis Ronald Rabenberg, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court granted Rabenberg leave to proceed in forma pauperis but required him to pay an initial partial filing fee. Docket 6. Rabenberg timely filed his fee on May 27, 2021. This court will now screen Rabenberg's complaint under 28 U.S.C. § 1915A.

**I. Factual Background**

  The facts alleged in Rabenberg's complaint are: that on January 3, 2020, he was arrested and charged in Lincoln County, South Dakota. Docket 1-1 ¶ 1. Because Lincoln County does not operate a jail, Rabenberg was held at the Minnehaha County jail. *Id.* On December 21, 2020, South Dakota Second Judicial Circuit Judge Rachel Rasmussen sentenced Rabenberg to 30 years, with 28 years suspended, and 342 days credit for time served. *Id.* ¶ 5; *State of*

*South Dakota v. Curtis R. Rabenberg*, 41CRI20-000007, Judgment and Sentence. Judge Rasmussen ordered Rabenberg to pay court costs, a domestic violence fee, a court appointed attorney fee, and restitution. *Id.*

On February 2, 2021, Lincoln County assessed a confinement fee of $5,225 for Rabenberg's time in the Minnehaha County jail. Docket 1-2 at 1-3. The confinement fee was applied through Lincoln County's Resolution #1906-45, that states: "[w]hereas, SDCL [§] 24-11-45 provides in pertinent part that a prisoner confined to a jail while serving a sentence is liable for the cost of the prisoner's confinement . . . the daily rate to be charged to Lincoln County prisoners shall be set at $25.00 per day." Docket 1-2 at 3. The resolution was adopted by the Lincoln County commissioners on June 25, 2019. *Id.*

Lincoln County noted that the expense was for Rabenberg's "sentence while in Lincoln County custody." *Id.* at 1.[1] Rabenberg claims that this confinement fee is being applied to his criminal case and that it "imposes an extra, non[-]judicial fine which is excessive and hence violates the Eighth Amendment of the United States Constitution." Docket 1-1 ¶ 17.  Rabenberg asserts that Lincoln County "retroactively" assessed a daily fee for the time he "served in pre-trial detention" and that his sentence could not "commence before a formal sentencing before a court." *Id.* ¶¶ 18, 20. "For that reason it is ex post facto for Defendant(s) to assess that 'daily boarding fee' upon Plaintiff, alleging that he was 'confined to a jail serving a sentence' before he was in fact

---

[1] This court notes that Judge Rasmussen did order that 342 days of Rabenberg's sentence had already been served. Docket 1-1 at ¶ 5.

2

sentenced." *Id.* ¶ 20. Rabenberg claims the invoice deprives him of his property without due process. *Id.* ¶ 15. He seeks compensatory, nominal, and punitive damages as well as injunctive relief. Docket 1 at 5.

## II. Legal Standard

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must

3

contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "[are] (1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### III. Legal Analysis

#### A. Fifth and Fourteenth Amendment Due Process Claim

Rabenberg claims that the invoice for his confinement fee is a deprivation of his property without due process in violation of the Fifth and Fourteenth Amendments. Docket 1-1 ¶ 15. The Due Process Clause of the Fifth Amendment applies to the United States, whereas the Due Process Clause of the Fourteenth Amendment applies to the States. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). The Fourteenth Amendment states, that a "State [cannot] deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend XIV, § 1. Rabenberg's Due Process claim under the Fourteenth Amendment fails because Lincoln County has not deprived Rabenberg of property by sending him an invoice—the invoice is notice to Rabenberg that he owes a confinement fee.

Further, even an intentional deprivation of property does not state a Due Process Claim under the Fourteenth Amendment if there is an adequate postdeprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). SDCL § 21-3-3 recognizes a cause of action for wrongful conversion of personal

4

property. Thus, even if defendants intentionally deprived Rabenberg of his property, it would not be considered a Due Process violation. *Hudson*, 468 U.S. at 535. Rabenberg's Due Process claims are dismissed under 28 U.S.C. §§ 1915(e)(B)(i-ii) and 1915A(b)(1).

### B.  Eighth Amendment Excessive Fines Claim

Rabenberg states that the boarding fee was applied to his criminal case and that it "imposes an extra, non[-]judicial fine which is excessive and hence violates the Eighth Amendment of the United States Constitution." Docket 1-1 ¶ 17. A confinement fee is not considered a fine for purposes of the Eighth Amendment. The United States Supreme Court has "explained that at the time the Constitution was adopted, 'the word 'fine' was understood to mean a payment to a sovereign as punishment for some offense.' " *U.S. v. Bajakajian*, 524 U.S. 321, 327 (1998) (quoting *Browning-Ferris Industries of Vt., Inc.* v. *Kelco Disposal, Inc.,* 492 U.S. 257, 265 (1989)). "The Excessive Fines Clause thus 'limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense.' " *Id.* at 328 (quoting *Austin v. U.S.,* 509 U.S. 602, 609-610 (1993) (emphasis deleted). Here, the confinement fee was assessed due to Rabenberg's stay in the Minnehaha County jail. Docket 1-1. The confinement fee was not assessed by the state court as a punishment for his state conviction, but rather, a fee Rabenberg owes for his pre-trial confinement. Because the confinement fee was not assessed by the court, it is not considered a fine that implicates the Excessive

Fines Clause. Thus, Rabenberg's claim does not raise a plausible Eighth Amendment violation. 28 U.S.C. §§ 1915(e)(B)(i-ii) and 1915A(b)(1).

### C. Ex Post Facto Claim

Rabenberg asserts that Lincoln County "retroactively" assessed a daily fee for the time he "served in pre-trial detention" and he claims that this was a violation of the Ex Post Facto clause. Docket 1-1 ¶¶ 18-20. "The ex post facto clause prohibits states from 'retroactively alter[ing] the definition of crimes or increas[ing] the punishment for criminal acts.' " *Williams v. Hobbs*, 658 F.3d 842, 848 (8th Cir. 2011) (alteration in original) (quoting *Collins v. Youngblood*, 497 U.S. 37, 43 (1990)).

Here, the state statute and Lincoln County's resolution do not alter the definition of a crime. They also do not increase the punishment of criminal acts. Additionally, the Lincoln County resolution imposing the boarding fee was adopted seven months before Rabenberg was arrested. *Compare* Docket 1-2 at 3 *with* Docket 1-1 ¶ 1. "Two elements must be met before legislation violates the ex post facto clause: (1) the legislation in question must apply to events occurring before its enactment; and (2) the offender affected by the legislation must be disadvantaged." *United States v. Mueller*, 661 F.3d 338, 345 (8th Cir. 2011) (citing *United States v. Chandler*, 66 F.3d 1460, 1467 (8th Cir. 1995)). Rabenberg's complaint does not allege facts to show a violation of the Ex Post Facto clause, and his claim is dismissed under 28 U.S.C. §§ 1915(e)(B)(i-ii) and 1915A(b)(1).

Thus, it is ORDERED:

1. That Rabenberg's complaint is dismissed under 28 U.S.C. §§ 1915(e)(B)(i-ii) and 1915A(b)(1).

Dated June 7, 2021.

                                  BY THE COURT:

                                  /s/ *Karen E. Schreier*
                                KAREN E. SCHREIER
                                UNITED STATES DISTRICT JUDGE